IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2008 JAN 10  A 10: 30

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JAMES ARTHUR MURRY,          )
                             )
        Plaintiff,           )
                             )
vs.                          )    CIVIL ACTION NO. 2:08cv 25-WC
                             )
HODGES TRUCKING CO., a corporation,  )
CHRISTOPHER BERNARD BANKS, et al.,   )
                             )
        Defendants.          )
                             )

---

### NOTICE OF REMOVAL

---

COME NOW the Defendants identified in the Complaint as HODGES TRUCKING

CO., and CHRISTOPHER BERNARD BANKS, and pursuant to 28 U.S.C. §§ 1441 and

1446 give notice of the removal of this action to the United States District Court,

Middle District of Alabama, Northern Division.  As grounds therefor, the Defendants

say as follows:

1.    Upon information and belief, Plaintiff James Arthur Murry is a resident

citizen of the State of Alabama and was a resident citizen of the State of Alabama at

the time of this Notice of Removal.

2.    Defendant Hodges Trucking Company is a Georgia corporation with its

principal place of business both at present and at the time of the incident made the

basis of this suit in the State of Georgia.  Therefore, Hodges Trucking Company is a

citizen of the State of Georgia.

3.    Defendant Christopher Bernard Banks is a resident citizen of the State of Georgia and was a resident citizen of the State of Georgia at the time of this Notice of Removal.

4.    This action is removed within 30 days of the date within which it is first removable.

5.    This action is a matter of which the United States District Court has jurisdiction in that the controversy is wholly between citizens of different states. Jurisdiction is based upon complete diversity of citizenship and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, in compliance with 28 U.S.C. § 1332.

6.    Although the Plaintiff seeks an unspecified amount of monetary damages, he claims the Defendants are guilty of wantonness, and that he sustained the following injuries and damages:

> Plaintiff, James Arthur Murry, was bruised and contused about the various and separate parts of his body; he suffered severe injuries as a result of the collision including a brain hemorrhage, fractured femur, numerous rib fractures, fractured spine, nasal bone fractures, and lacerations to his face, and injuries to other various parts of his body; he was caused to seek medical treatment in and about an effort to heal his aforesaid injuries; he was caused to incur medical expenses; he was rendered less able to enjoy his normal duties, activities, and pursuits; he was rendered unable to perform his normal duties at work; he was caused to lose wages; he was caused to suffer severe emotional distress and mental anguish as a result of the accident; and he was permanently injured.

(Plaintiff's Complaint, para. 10).

7.    The Plaintiff seeks compensatory and punitive damages against the Defendants.

8.    A copy of the all pleadings and process served upon these Defendants are

attached hereto as Ex. 1.

9.   A copy of this Notice of Removal has been filed with the Circuit Court of Chilton County, Alabama.

**WHEREFORE**, the Defendants identified in the Complaint as Hodges Trucking Co. and Christopher Bernard Banks request this Court to assume full jurisdiction over the cause herein as provided by law.

ROBERT E. PARSONS
DOROTHY A. POWELL

**OF COUNSEL:**

PARSONS, LEE & JULIANO, P.C.
2801 Highway 280 South
300 Protective Center
Post Office Box 530630 (35253-0630)
Birmingham, AL 35223-2480
(205) 326-6600

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing via United States mail, postage prepaid and properly addressed on counsel for all parties as follows:

Mr. Lawrence T. King
Ms. Lindsey O. Hill
KING, HORSLEY & LYONS, LLC
1 Metroplex Drive, Ste. 280
Birmingham, AL 35209

This the 9th day of January, 2008.

OF COUNSEL

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>14-CV-2007-900105.00 |
|---|---|---|

## IN THE CIVIL COURT OF CHILTON, ALABAMA
### JAMES ARTHUR MURRY v. HODGES TRUCKING COMPANY ET AL

HODGES TRUCKING COMPANY, C/O JEFF HODGES 1359 BELINDA DRIVE, COLUMBUS GA, 31907

**NOTICE TO**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY LINDSEY HILL

WHOSE ADDRESS IS 1 Metroplex Drive, Ste. 280, BIRMINGHAM AL, 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    JAMES ARTHUR MURRY
pursuant to the Alabama Rules of the Civil Procedure

| 10/5/2007 3:41:23 PM | /s GLENN MCGRIFF | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s LINDSEY HILL
Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____
Date

_____
Server's Signature

EXHIBIT 1

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>14-CV-2007-900105.00 |

## IN THE CIVIL COURT OF CHILTON, ALABAMA
## JAMES ARTHUR MURRY v. HODGES TRUCKING COMPANY ET AL

CHRISTOPHER BERNARD BANKS, 8833 STAFFORD LANE, COLUMBUS GA, 31907

**NOTICE TO**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY LINDSEY HILL

WHOSE ADDRESS IS 1 Metroplex Drive, Ste. 280, BIRMINGHAM AL, 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    JAMES ARTHUR MURRY
    pursuant to the Alabama Rules of the Civil Procedure

| 10/5/2007 3:41:23 PM | /s GLENN MCGRIFF | |
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s LINDSEY HILL |
| | Plaintiffs/Attorney's Signature |

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

| _____ | _____ |
| Date | Server's Signature |

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>- CIVIL - | **Case Number:**<br>14-CV-2007-900105.00 |
|---|---|---|

**IN THE CIVIL COURT OF CHILTON, ALABAMA**
**JAMES ARTHUR MURRY v. HODGES TRUCKING COMPANY ET AL**

CHRISTOPHER BERNARD BANKS, 4020 WINDHAM ROAD, COLUMBUS GA, 31907

**NOTICE TO**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY LAWRENCE KING

WHOSE ADDRESS IS ONE METROPLEX DRIVE SUITE 280, BIRMINGHAM AL, 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    MURRY JAMES ARTHUR
pursuant to the Alabama Rules of the Civil Procedure

| 12/8/2007 1:21:31 PM | /s GLENN MCGRIFF | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s LAWRENCE KING | |
|---|---|---|
| | Plaintiff's/Attorney's Signature | |

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

Date _____    Server's Signature _____

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>14-CV-2007-900105.00 |
| --- | --- | --- |

### IN THE CIVIL COURT OF CHILTON, ALABAMA
### JAMES ARTHUR MURRY v. HODGES TRUCKING COMPANY ET AL

**NOTICE TO**  HODGES TRUCKING COMPANY, C/O JEFF HODGES 1359 BELINDA DRIVE, COLUMBUS GA, 31907

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY LINDSEY HILL

WHOSE ADDRESS IS 1 Metroplex Drive, Ste. 280, BIRMINGHAM AL, 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   MURRY JAMES ARTHUR
   pursuant to the Alabama Rules of the Civil Procedure

| 12/6/2007 1:56:20 PM | /s GLENN MCGRIFF | |
| --- | --- | --- |
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s LINDSEY HILL |
| --- | --- |
| | Plaintiff's/Attorney's Signature |

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date                    Server's Signature

ELECTRONICALLY FILED
10/5/2007 3:41 PM
CV-2007-900105.00
CIRCUIT COURT OF
CHILTON COUNTY, ALABAMA
GLENN MCGRIFF, CLERK

## IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

JAMES ARTHUR MURRY,                         )
an individual;                              )
                                            )
    Plaintiffs,                                )
                                            )
vs.                                         )     Civil Action No.: CV-_____
HODGES TRUCKING CO.,                        )
a corporation; CHRISTOPHER                  )
BERNARD BANKS, an individual;               )
Defendants 3, 4, and 5, are the             )
persons, firms, or corporations whose       )
actions constitute wantonness;              )
Defendants 6, 7, and 8 are the owners,      )
operators and/or employers of the           )
of the Defendant driver;                    )
Defendants 9, 10, and 11, (those persons,   )
firms, or corporations for whose benefit    )
the vehicle which collided with the car     )
which Plaintiff was driving was being       )
operated for on the occasion of the         )
accident made the basis of this complaint; )
Defendants 12, 13, and 14, those persons,  )
firms or corporations responsible for the  )
inspection, maintenance and repair of the )
vehicle driven by the Defendant;            )
Defendants 15, 16, and 17, the persons      )
or institutions responsible                 )
for the accident made the basis of          )
the complaint; Defendants 18, 19, and 20,  )
the persons, firms and/or corporations      )
who negligently entrusted to                )
CHRISTOPHER BERNARD BANKS                    )
the vehicle which collided with the         )
Plaintiffs' vehicle;                        )
Defendants 21, 22, and 23, those firms      )
or entities which provided underinsured     )
and/or uninsured motorists coverage to      )
the Plaintiffs on the occasion made the     )
basis of this complaint; all of whose       )
names and legal identities are otherwise    )
unknown to the Plaintiffs at this time,     )
but will be added by amendment when         )
ascertained,                                )

Defendants.                          )
                                     )

## COMPLAINT

### Parties, Jurisdiction, and Venue

1. Plaintiff, James Arthur Murry, is an adult resident of Alabama.

2. Defendant, Hodges Trucking Co., is foreign corporation that does business in Chilton County, Alabama

3. Defendant, Christopher Bernard Banks, is an adult resident of Georgia.

4. The amount in controversy exceeds the jurisdictional threshold for this court.

5. This controversy relates to an automobile accident that occurred on a public highway in Chilton County, Alabama.

### Factual Allegations

6. On or about August 31, 2005, the Plaintiff, James Arthur Murry, was lawfully upon a highway in Chilton County, Alabama, to-wit: Interstate 65 at County Road 43, while operating a tractor trailer.

7. On said occasion, the defendant, Christopher Bernard Banks ("Banks"), was operating a tractor trailer on the same public highway.

8. On said occasion, Banks was acting in the course and scope of his employment or agency relationship as an employee or agent of the defendant, Hodges Trucking Co. ("Hodges").

9. On said occasion, the tractor-trailer owned and operated by and for the defendants was operated in a wanton manner. The Plaintiff was traveling north bound along Interstate 65 when defendant Banks collided into the rear of the tractor trailer the

Plaintiff was driving.

10.   As a proximate consequence of said collision, the Plaintiff suffered the following

injuries and damages:

> Plaintiff, James Arthur Murry, was bruised and contused
> about the various and separate parts of his body; he suffered
> severe injuries as a result of the collision including a brain
> hemorrhage, fractured femur, numerous rib fractures,
> fractured spine, nasal bone fractures, and lacerations to his
> face, and injuries to other various parts of his body; he was
> caused to seek medical treatment in and about an effort to
> heal his aforesaid injuries; he was caused to incur medical
> expenses; he was rendered less able to enjoy his normal
> duties, activities, and pursuits; he was rendered unable to
> perform his normal duties at work; he was caused to lose
> wages; he was caused to suffer severe emotional distress
> and mental anguish as a result of the accident; and he was
> permanently injured.

WHEREFORE, the Plaintiff demands judgment of the Defendants in an amount

to be determined by a jury in compensatory and punitive damages, plus interest and costs of

court.

## COUNT ONE

11.   Plaintiff realleges and incorporates Paragraphs 1 through 10 and further avers that:

12.   The defendants and fictitious defendants 3, 4, and 5 are guilty of wantonness

inasmuch as they consciously and deliberately disregarded the rights and safety of

James Arthur Murry, or in that they acted with reckless disregard of his rights and

safety, which such conduct proximately caused the damages and injuries set forth

hereinabove.

WHEREFORE, the Plaintiff demands judgment of the Defendants in an amount to be

determined by a jury in compensatory and punitive damages, plus interest and costs of court.

## COUNT TWO

13. Plaintiff realleges and incorporates Paragraphs 1 through 10 and further avers that:

14. Defendant Hodges Trucking Co. and fictitious defendants 6, 7, and 8 are the owners, operators and/or employers of the operator of the tractor trailer that collided with the Plaintiff's vehicle and thus are liable under the doctrines of vicarious liability or respondeat superior, because each named defendant was acting in the course and scope of their employment.

WHEREFORE, the Plaintiff demands judgment of the Defendants in an amount to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

## COUNT THREE

15. Plaintiff realleges and incorporates Paragraphs 1 through 10 and further avers that:

16. Defendant Hodges Trucking Co. and fictitious defendants 9, 10, and 11 are those persons, firms or corporations for whose benefit the vehicle which collided with the vehicle the Plaintiff was occupying on the occasion of the accident made the basis of this complaint, and which are thus liable under the doctrines of vicarious liability, respondeat superior, or otherwise under Alabama common law or by contract.

WHEREFORE, the Plaintiff demands judgment of the Defendants in an amount to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

## COUNT FOUR

17. Plaintiff realleges and incorporates Paragraphs 1 through 10 and further avers that:

18. Defendants 12, 13, and 14 are those persons, firms or corporations responsible for the inspection, maintenance and repair of the vehicle which collided with the

vehicle which Plaintiff was operating on the occasion of the accident made the basis of this complaint, and whose wantonness caused the Plaintiff's injuries and damages.

WHEREFORE, the Plaintiff demands judgment of the Defendants in an amount to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

## COUNT FIVE

19.  Plaintiff realleges and incorporates Paragraphs 1 through 10 and further avers that:

20.  Fictitious defendants 15, 16, and 17 are those persons, firms or entities who are responsible for the accident made the basis of the complaint by breaching a duty owed to the Plaintiff in such manner to cause the losses proximately as a result therefrom.

WHEREFORE, the Plaintiff demands judgment of the Defendants in an amount to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

## COUNT SIX

21.  Plaintiff realleges and incorporates Paragraphs 1 through 4 of Count One herein and further avers that:

22.  Defendant Hodges Trucking Co. and fictitious defendants 18, 19, and 20 are those persons, firms or other entities who negligently entrusted to the individual Defendant the vehicle which collided with the vehicle which Plaintiff was operating on the occasion made the basis of this complaint and whose wantonness was the proximate cause of the injuries and damages set out in Paragraph 2 of Count One.

WHEREFORE, the Plaintiff demands judgment of the Defendants in an amount to be

determined by a jury in compensatory and punitive damages, plus interest and costs of court.

### COUNT SEVEN

23.     Plaintiff realleges and incorporates Paragraphs 1 through 10 and further avers that:

24.     Defendants 21, 22, and 23 are those firms or entities which provided underinsured and/or uninsured motorists coverage to the Plaintiff on the occasion made the basis of this complaint and which are contractually bound to be financially responsible for those injuries and damages suffered by the Plaintiff as set out in Paragraph 2 of Count One herein.

WHEREFORE, the Plaintiff demands judgment of the Defendants in an amount to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

Plaintiff further avers that all Defendants, both fictitious and named, are guilty of the above-described causes and/or theories of recovery in a joint and several fashion and each count of the complaint is intended to apply to each of the fictitious and named Defendants to the extent it is applicable to same.

WHEREFORE, the Plaintiff demands judgment of the Defendants in an amount to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

By:     /s/ Lindsey O. Hill
        Lawrence T. King
        Lindsey O. Hill
        Of counsel for Plaintiff

OF COUNSEL:

KING, HORSLEY & LYONS, LLC
1 Metroplex Drive, Ste. 280
Birmingham, Alabama 35209
(205)871-1310

Plaintiff demands a trial by a struck jury in this cause.

_/s/ Lindsey O. Hill_
Of Counsel

PLEASE SERVE DEFENDANT AT:

| | | |
|---|---|---|
| Hodges Trucking Company<br>c/o Jeff Hodges<br>1358 Belinda Drive<br>Columbus, Georgia 31907 | * | BY CERTIFIED MAIL |
| Christopher Bernard Banks<br>5833 Stafford Lane<br>Columbus, Georgia 31907 | * | BY CERTIFIED MAIL |

ELECTRONICALLY FILED
10/5/2007 3:41 PM
CV-2007-900105.00
CIRCUIT COURT OF
CHILTON COUNTY, ALABAMA
GLENN MCGRIFF, CLERK

## IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

| | |
|---|---|
| JAMES ARTHUR MURRY,<br>an individual;<br><br>    Plaintiffs,<br><br>vs.<br>HODGES TRUCKING CO.,<br>a corporation; CHRISTOPHER<br>BERNARD BANKS, an individual;<br>et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.: CV-_____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION

COMES NOW the Plaintiff and requests the Defendants to produce the following in the time allowed by law:

1.    With regard to the tractor and trailer involved in the accident in question, produce the following documents and other items for a period of time of one month prior to the accident through one week after the accident, unless specifically indicated:

      a.    Registrations and titles;

      b.    The log books for the driver;

      c.    Trip reports;

      d.    Expense sheets;

      e.    State entry and entrance records;

      f.    Check point records;

      g.    Fuel receipts;

      h.    Bills of lading;

      i.    Toll tickets;

  j.  Fuel tax records;

  k.  Gross receipts tax records;

  l.  Federal use tax records;

  m.  State permits;

  n.  Repair orders for 6 months before the accident until the repairs were complete, including all parts and labor used in such repairs (including all routine maintenance records);

  o.  Fuel receipts for the trip in which this accident occurred;

  p.  Lodging receipts for the trip in which this accident occurred;

  q.  Driver's advances for the trip in which the accident occurred;

  r.  Payroll records for the driver on the trip in which the accident occurred;

  s.  Traffic tickets, warnings issued, or any criminal charges or regulatory violations charged or filed against any driver or the defendant motor carrier;

  t.  Required accident reports which must be made regardless of the possibility of litigation;

  u.  Purchase order and specifications for the tractor and trailer;

  v.  On-board computer records of time and/or speed on the date in question;

  w.  Dispatch records for the trip in question;

  x.  Contracts of hire for this driver.

2.  As to the defendant driver, produce the following documents and items:

  a.  Personnel file;

  b.  Records of required driving tests;

    c.     Records of required written tests;

    d.     Disciplinary actions;

    e.     Driver's qualification file and medical file;

    f.     Driving record;

    g.     Payroll records;

    h.     Log books for the past six months;

    i.     Trip receipts for the past six months;

    j.     Records of all prior motor vehicle accidents while working for or with the defendant motor carrier.

3.    As to the defendant motor carrier's policies, programs, and procedures, produce the following documents and items:

    a.     Fleet safety program, including studies and tests to determine the safety of the trailer configurations used by the defendant motor carrier;

    b.     Actions taken to assure that drivers are not violating the federal regulations relating to the maximum hours of work by drivers and that accurate logs are submitted by the drivers and accepted by the defendant motor carrier for filing, as well as the continued testing of drivers for competency and substance abuse;

    c.     Truck and trailer maintenance standards including the standards for the parts used to maintain and repair equipment;

    d.     Employee assistance programs and standards for being allowed to attend;

    e.     Driver standards;

    f.     Mechanic standards;

g.  Dispatcher standards;

h.  Driver compensation;

i.  Firing drivers;

4.  Produce the following from the defendant's motor carriers safety library, or source that is regularly available to and used by the defendant motor carrier, that were at said location on the date upon which these requests were served. Do not produce any such documents or items that were acquired on or after the date of the service of these requests. If any of the following documents were not in your library or otherwise regularly available to and used by you on the date of the service of these requests, then answer by stating that "the defendant does not have the requested document or item in its safety library or regularly available to and used by this defendant as of the date of the service of these requests."

a.  Federal Highway Administration U.S. Department of Transportation, Pub. No. FHWA-MC-88-008, Accidents of Motor Carriers of Property 1986 (1988);

b.  Jones & Stein, Defective Equipment and Tractor-trailer Crash Involvement;

c.  Regular Common Carrier Conference, 1986 Motor Carrier Safety;

d.  Insurance Institute for Highway Safety, IIHS Facts 1989 (A. Fleming ed. July 1989);

e.  National Highway Traffic Safety Administration, U.S. Department of Transportation, Fatal Accident Reporting Sys. (1988);

f.  National Highway Traffic Safety Administration, U.S. Department of Transportation, National Accident Sampling Sys. (1990);

g.   R. Ervin, R. Hisonger, C. McAdam, P. Farcher, 1 Influence of Size and Weight on the Stability and Control Properties of Heavy Trucks 161, University of Michigan Transportation Research Institute, 1983;

h.   National Highway Traffic Safety Administration U.S. Department of Transportation, State Accident Report forms catalog (1988); and

i.   Transportation Research Board, National Research Counsel, Provided Access for Large Trucks 97 (Special Report 223) (1989).

5.   As to any and all insurance policies or other contractual arrangements that may obligate an insurance company or other person, firm, or corporation to provide any investigative services or defense for the defendant or the defendant driver in this case or may be obligated to pay any portion of any judgment that may be rendered against the defendant motor carrier for the defendant driver, produce the following documents and items:

a.   Policies with all additions and deletions and riders;

b.   All prior claims paid under any such policies that would be deducted from the amount for which any such insurance company may have to pay in this case;

c.   The total amount of money for which each such insurance company would be liable for payment on behalf of the defendant motor carrier or the defendant driver;

d.   All loss control reports made by any present or previous insurance company concerning the defendant motor carrier's operations;

e.   The amounts of all other claims currently being made against any such insurance policies other than by this Plaintiff;

        f.      Contracts describing the obligations of any person, firm, or corporation other than an insurance company to provide investigative or legal defense services for the benefit of the defendant motor carrier or defendant driver.

6.      All photographs depicting the accident scene, the vehicles involved in the accident made the basis of the suit, or the parties involved in the accident.

7.      Any and all reports, investigation summaries, test results, or other documents by whatever name called prepared by any expert employed on defendant's behalf to make an investigation of the incident made the basis of this suit. NOTE: If you claim work product, state the date that all data comprising the requested categories was generated.

8.      Any and all statements taken on behalf of the defendant motor carrier, whether written or otherwise recorded in any manner.

        a.      Generate and produce a list of the names and addresses of all persons from whom this defendant has taken or had taken written or otherwise recorded statements.

9.      Any and all repair bills or estimates of repair regarding the tractor or trailer involved in the incident made the basis of this lawsuit.

10.     Any and all documents received through the issuance of subpoenas directed to non-parties in this matter.

11.     Any and all accident reports, by whatever name called, prepared by the defendant motor carrier as the result of the accident made the basis of this suit.

12.     The driver qualification file for the defendant driver.

13.     A copy of the driver's license for the defendant driver.

14.     If you contend that an owner-operator or leasing company is involved, provide the

following:

      a.     All leasing and indemnification agreements;

      b.     The name, address, and telephone number of the leasing company;

      c.     All contracts or brokerage agreements, as well as the amount of the commissions paid pursuant to those.

15.     All videotapes or drawings made in connection with the subject accident, made by or on behalf of the defendants, including but not limited to the scene of the accident and the damage to the vehicles.

16.     The curriculum vitae of any expert witness expected to testify at the trial of this matter, as well as a summary of his opinions and the facts on which those opinions are based.

17.     The trip manifest for the defendant's vehicle on the date of the accident made the basis of this lawsuit.

18.     All certifications by medical examiners of the driver involved in the accident made the basis of this lawsuit.

19.     Copies of all statements taken by anyone from the defendant driver.

20.     Any "accident package" completed by the defendant driver following and pertaining to the subject accident.

21.     All safety manuals, films, videos, rules and regulations utilized by the defendant driver in his work as a truck driver.

22.     Copies of all accident reports filed with the director, regional motor carrier safety office of the federal highway administration relative to the accident made the basis of this suit.

23.     Copies of all contracts between this defendant motor carrier and the legal entity for which it was hauling cargo on the occasion of the accident made the basis of this lawsuit.

24.   Copies of all Department of Transportation compliance audits performed on the defendant motor carrier within the preceding five years.

25.   Copies of all SAFESTAT (motor carrier safety status measurement system), ratings and documents issued in affiliation with such ratings for the five years preceding this request.

26.   State the name, last known address, and last known telephone number of the driver of the tractor trailer alleged to have been involved in the accident made the basis of this lawsuit.

27.   State the factual basis for each affirmative defense that you have raised to the Complaint.

28.   Identify by name, address, employer, and job title every person you expect to testify as an expert witness in this action, and for each state

     (a) his/her opinion;

     (b) the factual basis for that opinion;

     (c) every item of evidence reviewed by each such expert;

     (d) every document or computer-stored or computer-generated reviewed by the expert since the date of his/her retention in this matter reviewed in connection with formulating opinions held or in connection with reviewing this matter in any manner.

29.   Identify by name and last known address all persons that you believe were eyewitnesses to the occurrence of the subject accident.

30.   State the speed at which you contend the vehicle of the plaintiff was traveling at the following distances from the place where it had impact with the defendant's vehicle:

(a) 500 feet;

(b) 300 feet;

(c) 100 feet;

(d) 50 feet;

(e) 25 feet.

/s/ Lindsey O. Hill
Lawrence T. King
Lindsey O. Hill
Attorneys for Plaintiff

OF COUNSEL:

KING, HORSLEY & LYONS, LLC
1 Metroplex Drive, Ste. 280
Birmingham, Alabama 35209
(205)871-1310

**\*\*PLEASE SERVE WITH COMPLAINT\*\***

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003216
Cashier ID: brobinso
Transaction Date: 01/10/2008
Payer Name: PARSONS LEE JULIANO PC
------------------------------------
CIVIL FILING FEE
 For: PARSONS LEE JULIANO PC
 Case/Party: D-ALM-2-08-CV-000025-001
 Amount:        $350.00
------------------------------------
CHECK
 Remitter: PARSONS LEE JULIANO PC
 Check/Money Order Num: 38811
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

DALM208CV25-SC

MURRY V HODGES TRUCKING ET AL
```