IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES ARTHUR MURRY, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:08-cv-25-WC |
| | ) |
| HODGES TRUCKING CO., a | ) |
| corporation, CHRISTOPHER BERNARD | ) |
| BANKS, et al, | ) |
| | ) |
|     Defendants. | ) |

## **ANSWER**

Come now the defendants, **HODGES TRUCKING CO., a corporation, and CHRISTOPHER BERNARD BANKS, an individual**, separately and severally, and for answer to the complaint of the plaintiff aver:

### **Parties, Jurisdiction, and Venue**

1. Defendant admits that the plaintiff, James Arthur Murry, is an adult resident of Alabama.

2. Defendant admits that Hodges Trucking Company is a foreign corporation domiciled in the State of Georgia. Defendant denies that Hodges Trucking Company does business in Chilton County, Alabama.

3. Defendant admits that Christopher Bernard Banks is an adult resident of the State of Georgia.

4. Defendant admits that the amount in controversy exceeds the judicial threshold for this Court.

5.   Defendant admits that the controversy of this litigation involves a motor vehicle accident which occurred on a public highway in Chilton County, Alabama.

## Factual Allegations

6.   Defendant admits that on or about August 31, 2005, the plaintiff, James Arthur Murry, was operating a truck on Interstate 65 at or near County Road 43 in Chilton County, Alabama.  Defendant is without sufficient knowledge or information to admit or deny that James Arthur Murry was "lawfully" upon said highway.

7.   Defendant admits that Christopher Bernard Banks was operating a tractor-trailer on said public highway at the time the accident occurred.

8.   Defendant admits that defendant Christopher Bernard Banks was acting within the line and scope of his employment as an employee of defendant Hodges Trucking Company, a corporation.

9.   Defendant denies that on the occasion of the accident made the basis of this suit the tractor-trailer, owned by defendant Hodges Trucking Company and operated by defendant Christopher Bernard Banks, was operated in a wanton manner.

10.  Defendant is without sufficient knowledge or information to admit or deny the averments of Paragraph 10 of the complaint of the plaintiff.

For further answer to the complaint of the plaintiff, the defendant, separately and severally, aver the following affirmative defenses:

## FIRST DEFENSE

Defendant pleads the general issue.

**SECOND DEFENSE**

Defendant denies that the plaintiff suffered any injury or damage as a proximate consequence of alleged wantonness or wanton conduct on the part of the defendant.

**THIRD DEFENSE**

Defendant denies that the defendant wantonly injured the plaintiff.

**FOURTH DEFENSE**

Defendant denies that on the occasion of the accident made the basis of this suit the tractor-trailer, owned by Hodges Trucking Company, a corporation, and operated by defendant, Christopher Bernard Banks, was operated in a wanton manner.

**FIFTH DEFENSE**

Defendant denies that Christopher Bernard Banks consciously and deliberately disregarded the rights and safety of James Arthur Murry on the occasion of the accident made the basis of this suit.

**SIXTH DEFENSE**

Defendant denies that Christopher Bernard Banks acted with reckless disregard of the rights and safety of the plaintiff, James Arthur Murry.

**SEVENTH DEFENSE**

Defendant denies that Hodges Trucking Company, a corporation, negligently or wantonly entrusted a tractor-trailer to defendant Christopher Bernard Banks.  In answer to the claim of the plaintiff for negligence on the party of defendant Hodges Trucking Company, a corporation, defendant pleads the two year statute of limitations.

## EIGHTH DEFENSE

Defendant denies that the defendants are liable to the plaintiff for compensatory damages.

## NINTH DEFENSE

Defendant denies that the defendants are liable to the plaintiff for punitive damages.

## TENTH DEFENSE

In answer to any claim of the plaintiff for negligence on the part of the defendant, the defendant avers that such claim is barred by the two year statute of limitations.

## ELEVENTH DEFENSE

In answer to any claim of the plaintiff for negligence on the part of defendant, Hodges Trucking Company, a corporation, defendant pleads contributory negligence.


     s/ Robert E. Parsons
Robert E. Parsons, Attorney for Defendants
Hodges Trucking Company and Christopher
Bernard Banks


OF COUNSEL:

PARSONS, LEE & JULIANO, P.C.
300 Protective Center
2801 Highway 280 South
P. O. Box 530630 (35253-0630)
Birmingham, AL 35223-2480
(205) 326-6600

CERTIFICATE OF SERVICE

     I hereby certify that I have on this __14th__ day of January, 2008, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Lawrence T. King
Ms. Lindsey O. Hill
King, Horsley & Lyons, LLC
1 Metroplex Drive, Suite 280
Birmingham, AL  35209

                              /s   Robert E.  Parsons
                              OF COUNSEL