IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES ARTHUR MURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:08cv25-WC |
| | ) | |
| HODGES TRUCKING CO., *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION ORDER

## I.    INTRODUCTION

This lawsuit arises out of a motor vehicle accident in which Plaintiff, James Arthur

Murry ("Murry"), was hit from behind by Defendant Christopher Bernard Banks ("Banks"),

an employee of Hodges Trucking Company, Inc ("Hodges Trucking").  Murry brings claims

of wantonness and negligent entrustment against defendants.  This cause is before the Court

on the Motion for Summary Judgment (Doc. #20) filed on 16 September 2008 by

Defendants.  In this Motion, to which Murry filed no response, Defendants contend they are

entitled to judgment as a matter of law on both claims.   Pursuant to 28 U.S.C. § 636(c), both

parties have consented to the conduct of all proceedings and entry of a final judgment by the

undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #12); Def.s'

Consent to Jurisdiction (Doc. #11).   For the reasons discussed below, the Motion for

Summary Judgment (Doc. #20) is GRANTED.

## II.    JURISDICTION AND VENUE

Jurisdiction over this action is proper pursuant to 28 U.S.C. § 1332 (diversity) and 28 U.S.C. § 1441(a) (removal jurisdiction).

## III.    STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party.  An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir.1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed

2

to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id*. at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id*. at 324.  To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, a court ruling on a motion for summary judgment must draw all justifiable inferences from the evidence in the non-moving party's favor.  *Anderson*, 477 U.S. at 255. After the non-moving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).

## IV.    FACTS AND PROCEDURAL HISTORY

The Court has carefully considered all deposition excerpts and documents submitted in support of the motion, as well as the cases submitted by Plaintiff in the Motion to Strike (Doc. #25) and the statement of uncontested facts contained within the Motion for Summary Judgment.  The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following facts:

On 31 August 2005, Murry, age 64, was driving a dump truck North on Interstate 65

from Montgomery, Alabama, toward Clanton, Alabama. Murry stopped twice along the way in order to pick up meat scraps at grocery stores in Prattville, Alabama. At approximately 5 a.m., Murry's dump truck was hit from behind by a tractor-trailer driven by Banks.

Murry was taken to hospital in Birmingham, Alabama, and treated for his injuries. He has no memory of the accident.

Banks was an employee of Hodges Trucking and had obtained his commercial drivers license ten years prior to the accident. Banks was off-duty the day prior to the accident and began driving from Columbus, Georgia to Bessemer, Alabama at about 2 a.m. on the morning of the accident. Banks had not consumed alcohol or any prescription or non-prescription drugs on the day of, or the day prior to, the accident. Banks's remembers seeing tail lights in front of his vehicle when he was approximately one car length behind Murry's dump truck and that he immediately applied his brakes. He also testified in his deposition that he was not speeding. Banks was not issued a citation for the accident.

Murry filed this suit in the Circuit Court of Chilton County, Alabama, on 5 October 2007. Defendants removed the case to this Court on 10 January 2008. (Doc. #1). On 16 September 2008, Defendants filed this Motion for Summary Judgment (Doc. #20). On 14 October 2008, Defendants filed a "Supplement Submission in Support of Motion for Summary Judgment" (Doc. #21). In the Supplement, Defendants argued that, based on Plaintiff's failure to file any response to the Motion for Summary Judgment, Rule 56(e)(2) of the Federal Rules of Civil Procedure, and the evidence submitted to the Court by

4

Defendants, they "have demonstrated there is no genuine issue as to any material fact, and a final summary judgment as a matter of law is due to be rendered in the Defendants' favor." (Doc. #21 at 2).

On 15 October 2008, Plaintiff filed a Reply and Motion to Clarify and/or Motion for Extension of Time.  (Doc. #22).  Plaintiff, confused as to the deadlines spelled out in the Court's orders, sought an extension of time to respond to the motion for summary judgment. The Court denied Plaintiff's motion because it failed to indicate that counsel for Plaintiff had contacted opposing counsel, and did not inform the Court as to opposing counsel's position on the requestd extension, as required by the Court's Uniform Scheduling Order of 17 March 2008 (Doc. #14 at 2).  *See* Court's Order of 22 October 2009 (Doc. #27).  Rather than re-file a compliant motion for extension of time, Plaintiff filed a Motion to Strike Defendant's Motion for Summary Judgment, (Doc. #25), which was denied.  *See* Order (Doc. #27).

## V.   DISCUSSION

### A.   *Wantonness*

Defendants move for summary judgment arguing that Murry cannot prove the essential elements of a wantonness claim.  "Under Alabama law, to survive summary judgment on the issue of wantonness, a plaintiff must provide substantial evidence creating a genuine issue of material fact that a defendant acted with recklessness or with conscious disregard to the rights or safety of others in his operation of his vehicle."  *Haynes v. Sarsfield*, 2007 WL 2409724 at *2 (M.D. Ala. August 21, 2007) (Fuller, C. J.) (citing ALA.

CODE § 6-11-20); *see also Monroe v. Brown*, 307 F. Supp. 2d 1268, 1271 (M.D. Ala. 2004) (Thompson, J.).

Wantonness is "conduct which is carried on with a reckless or conscious disregard for the rights or safety of others." ALA. CODE § 6-11-20(b)(3) (1975). "'Wantonness' has been defined by [the Alabama Supreme] Court as the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Alfa Mut. Ins. Co. v. Roush*, 723 So. 2d 1250, 1256 (Ala. 1998).

To survive summary judgment, then, Murry must establish a genuine issue of fact, as to whether Banks (1) acted consciously when he failed to see Murry's truck until he was only one car length behind, and (2) was conscious, based on existing conditions, that injury was a likely or probable result of his actions. *See Monroe*, 307 F. Supp. 2d at 1272. There is no evidence before this Court to suggest that Banks acted in a wanton manner.

According to the statement of uncontested facts and Banks's deposition testimony, Banks was not speeding, he did not see Murry's vehicle until Banks was approximately one car length away, and he immediately applied his brakes when he saw Murry's taillights. (Doc. #20-7 at 26). There is nothing in the deposition testimony that suggests Banks was conscious that injury was a likely or probable result of his driving. There is no evidence in the record of speeding, or that Banks was under the influence of alcohol or drugs (prescription or otherwise). Further, Murry, apparently the only other witness to the accident,

testified that he did not know how fast Banks was driving, and that he had no memory of the accident.  In fact, Murry's testimony was that he was driving along and "all the [sic] sudden, bam."  (Doc. 20-4 at p.4).  Thus, there is nothing to suggest that Banks acted wanton.

The Alabama Supreme Court has held that there needs to be "more than a showing of some form of inadvertence on the part of the driver" to avoid summary judgment on a claim of wantonness.  *Tolbert v. Tolbert*, 903 So. 2d 103, 115 (Ala. 2004) (granting summary judgment where there was only speculation that defendant was speeding at time of accident). In his Motion to Strike, Plaintiff points this court to cases which he believes support a denial of summary judgment.  (Doc. #25 at 2).  The Court has reviewed those cases and finds them to be significantly distinguishable from the this case.

In *Bishop v. Poore*, 475 So. 2d 486, 487 (Ala. 1985), the court relied on "the evidence that defendant never looked in the direction of the plaintiff" prior to entering a dangerous intersection.   In *Green v. Leatherwood*, 727 So. 2d 92, 94 (Ala. Civ. App. 1998), the defendant made a conscious decision to abruptly change lanes in order to make a stop at a video store.  In *Collins v. Shelley By and Through Shelley*, 514 So. 2d 1358, 1360-61 (Ala. 1987), there was evidence that defendant's car had "flashed right in front" of plaintiff after "having travelled through three lanes of traffic and the median."   Thus, the court concluded "it is reasonably inferable either that defendant did not [when required], or that, if she did, she sped into the [thoroughfare] and across the median, disregarding oncoming traffic."  *Id*. In each of the preceding case, there were specific facts from which the Court could infer, or

which provided specific evidence of, wanton conduct.   Because Murry is unable to provide any facts in this case that would show a conscious, wanton act by Banks, or that he was consciously aware his actions would likely or probably result in injury, summary judgment is appropriate.[1]

Defendants also move for summary judgment on Plaintiff's wantonness claim by asserting a statute of limitations defense.  Specifically, Defendants claim that Plaintiff's wantonness claims are subject to Alabama's two year statute of limitations.  *See* ALA. CODE § 6-2-38 (1975).

In *McKenzie v. Killian*, 887 So. 2d 861, 870 (Ala. 2004), the Alabama Supreme Court announced that "wanton conduct is the equivalent in law to intentional conduct. Such an allegation of intent renders the six-year statutory period of limitations applicable."   The Alabama Supreme Court recently re-affirmed the six-year statute of limitations for wantonness claims in *Carr v. International Refining & Mfg. Co.*, 2009 WL 129952 (Ala. January 16, 2009) (finding there is no "products liability" exception to the six-year statute of limitations for wantonness claims). Murry's wantonness claim is subject to the six-year statute of limitations and, because the injury occurred on 31 August 2005 and this case was

---

[1]  The Alabama courts have gone to great lengths to distinguish a claim under Alabama law for negligence versus that of wantonness.  "Wantonness is not merely a higher degree of culpability than negligence.  Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability."  *Tolbert,* at 115 (internal citations omitted).  Had Plaintiff's claims been for negligence rather than wantonness and the action filed within the two year statute of limitations for negligence claims, *see infra*, the result here may very well have been different.

filed on 5 October 2007, it was timely filed.  Accordingly, summary judgment on this basis is denied.

### B.    *Negligent Entrustment*

Defendants also moved for summary judgment on Plaintiff's negligent entrustment claim, arguing the claim is subject to the two-year statute of limitation set forth in ALA. CODE § 6-2-38 (1975).  The Court agrees.  As the United States Court of Appeals for the Eleventh Circuit stated:

> Under Alabama law, claims for negligence are subject to a two-year statute of limitations. *See Henson v. Celtic Life Ins. Co.*, 621 So. 2d 1268, 1274 (Ala. 1993). The statutory period of limitations for negligence actions, found at ALA. CODE § 6-2-38, is two years from the date the injury occurred. *Id*. It is well settled under Alabama law that a negligence cause of action accrues when the plaintiff can first maintain the action, regardless of whether the full amount of damage is apparent at the time of the first injury.  *See Booker v. United Am. Ins. Co.*, 700 So. 2d 1333, 1339 (Ala. 1997).

*Piazza v. Ebsco Industries, Inc.*, 273 F.3d 1341, 1347 (11th Cir. 2001).  Plaintiff's injuries occurred on 31 August 2005, which means the time for filing a claim for negligence ended on 31 August 2007.  Plaintiff commenced this action on 5 October 2007, outside the statute of limitations.  Therefore summary judgment on this claim is proper.[2]

## VI.    CONCLUSION

---

[2] Because Plaintiff's claim was filed outside the two-year statute of limitations, the Court need not address the merits of his negligent entrustment claim.

For the foregoing reasons, it is ORDERED that Defendants' Motion for Summary Judgment (Doc. #20) is GRANTED on the basis that Plaintiff has failed to establish a material issue of fact as to wantonness and Plaintiff's claim of negligent entrustment is outside the statute of limitations.  This case is DISMISSED without prejudice, and the parties shall bear the costs of this proceeding.

An appropriate judgment will be entered.

DONE this 4th day of February, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE